UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VERNITA WORRELL,

                Plaintiff,                       Case No. 16 CV 6806

        -against-

                                    **COMPLAINT**

ABSOLUTE BAGELS, INC. and 2790 BROADWAY
OWNERS CORP.,

                Defendants.

---

      Plaintiff, VERNITA WORRELL, (hereinafter the "Plaintiff"), by and through her counsel, Donald J. Weiss, Esq., hereby files this Complaint and sues ABSOLUTE BAGELS, INC. (the "Bagel Store"), and 2790 BROADWAY OWNERS CORP. (the "Owner"), both domestic corporations, (the Bagel Store and the Owner being hereinafter collectively known as "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

      1.    This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

      2.    Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

      3.    The premises where the events which gave rise to this lawsuit is known as 2788 Broadway, New York, New York (the "Property").

4.      Venue is proper in this Court as the Property is located in New York County.

5.      The Defendants are conducting business within the State of New York.

6.      Upon information and belief, the Bagel Store is the lessee and/or operator of a retail food business, and maintains and controls the Bagel Store.

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Bagel Store is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8.      Upon information and belief, the Owner is the owner, lessor and/or operator of the Property where the Bagel Store is located, and allows and permits the Bagel Store to occupy the Property.

9.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Property is a public accommodation covered by the ADA and which must be in compliance therewith.

10.      The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

11.      The Plaintiff contracted polio as a child and has used a wheelchair for mobility all of her life.  Plaintiff therefore has a disability within the meaning of Title III of the ADA. 42 U.S.C. § 12102(2)(A).  Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

**FACTS**

12.      Plaintiff lives in the area where the Bagel Store is located.

13.      Plaintiff has been eager to gain independent entry into the Bagel Store for a long time however, due to the barrier to her entry, to wit, a 4-5 inch rise at the entrance, she was

2

unable to do so.  Moreover, the unsafe ramp which has now been placed over that rise, as more fully discussed below, continues to prevent Plaintiff from safely gaining entry.

14.     Upon information and belief, the Bagel Store was the subject of a prior legal action in this Court which sought to compel the Bagel Store to comply with the provisions of the ADA[1].

15.     However, rather than remove the barrier to entry by installing an ADA compliant permanent ramp over the step, Defendants chose to install a temporary ramp, which is unsafe for use by Plaintiff, both as a result of the slope of the ramp and because of the manner in which it is secured and, in any event, is impermissible under the facts herein (a photograph depicting the structure provided by Defendants at the entrance to the Bagel Store is annexed as Exhibit A).

16.     Although she passes by the Bagel Store frequently, the last time Plaintiff attempted to gain entry to Bagel Store prior to the filing of this Complaint was March 17, 2016.

17.     As a result of that barrier, and others, as detailed below, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at the Property.

18.     Defendants' violations impede upon Plaintiff's right to travel free of discrimination.

19.     Plaintiff will return to the Bagel Store and enter to make purchases once the barriers to her entry and enjoyment of the facilities have been removed.

20.     Prior to commencement of this action, an investigation of the Property was conducted, which revealed the following[2] (all of which were observed by, or discussed with, Plaintiff prior to the filing of the Complaint):

---

[1] Pappert v. 2790 Broadway Owners Corp. et al; 14CV3604
[2] All of the statutes cited hereunder refer to the 2010 ADA Standards for Accessible Design and are cited for reference purposes only to identify the barriers which require remediation.

The entrance to the Bagel Store has a 4 – 5" rise/step with a temporary ramp with orange cones on each side. The ramp was secured with two bolts at the top right and left corners however, at the time of investigation, the bolt on the right side was no longer secured and popped when the ramp was stepped on[3]. The entrance door opens into the Bagel Store. There is no additional space on the pull side of the door for an exit as there is a dining table with chairs that comes out almost to the door and there are planters in the windows taking up this space.

The following barriers are noted at the entrance:

a) Plaintiff cannot navigate, in her wheelchair, the unsafe ramp at the door over the rise within the maneuvering clearance at the entrance. This means there is no accessible route and prevents Plaintiff from entering the Bagel Store. Any rises over ½ inch within the accessible route are required to be ramped (in compliance with 405) so that a person in a wheelchair may maneuver thru the entrance doors independently (201.1, 206.2.1, 206.4, 303.4, 402.1, 402.2, 403.4, 404 and 405.1).

b) There is no 18" space on the pull side of the door so that Plaintiff can have a space to sit in her wheelchair, without blocking the door as she pulls it open (404.2.4.1).

c) The Plaintiff is unable to enter because the temporary ramp that is installed is not safe for entry in her wheelchair. Plaintiff will not navigate the ramp due to the slope, which exceeds statutory guidelines and, further, the ramp is not safely attached to prevent a possible fall (see Exhibit A). Ramps with a running slope must not be steeper than 1:10, when space is not available for a 1:12 slope (405.2).

d) As you enter the Bagel Store, to the left, along the wall, is a plant stand, recycle barrel and

---

[3] Similarly, on Plaintiff's last visit prior to the filing of the Complaint, she observed that the left side bolt was missing.

trash receptacle and further down, beverage cases.  To the right of the entrance, there is a small dining room approximately 9.5' by 15'.  There are a total of 8 round "peg leg" style tables.  There is a service counter towards the rear in excess of 42" in height.

The following barriers are noted in the dining and service areas:

e)   Due to the rise/step at the entrance there is no accessible route to any dining area. (206.2.5, 305, 902.1).

f)   Defendants fail to offer accessible seating/tables in the dining area which would allow both a 30 inch wide clear space, deep enough for the Plaintiff to pull up in her chair, beneath a table, and a 30 x 48 space for her chair to sit without obstructing the path of other patrons (226.1, 226.2, 306, 306.1, 306.2, 306.3, 902).

g)   There is no accessible portion of the service counter top (36 x 36 x 36") for the Plaintiff to approach so she may pay her bill or pick up a to-go order independently (904.4, 904.4.1**).

## CLAIMS FOR RELIEF

### CLAIM I

#### READILY ACHIEVABLE BARRIER REMOVAL

21.      It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 16.  By failing to remove barriers to access to the extent it is readily achievable to do so, such as ramping the front step and providing an ADA compliant service counter, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

### CLAIM II

#### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

22.      In the alternative, if it is not readily achievable to remove all of the barriers to

access set forth in paragraph 16, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

23.     By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

## CLAIM III

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

24.     It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 16.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

25.     In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

26.     The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4) by maintaining and/or creating an inaccessible place of public accommodation.

27.     It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 16.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## CLAIM V

### VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAWS

28.     The Defendants have discriminated against plaintiff pursuant to New York State

Executive Law.

29.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

30.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.     Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation

B.     Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, by safely ramping the entrance and lowering the service counter to an ADA compliant height;

C.     Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.     Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.     Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

F.     Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

G.      Award reasonable attorneys' fees, costs and expenses pursuant to the

Administrative Code;

H.      Find that Plaintiff is a prevailing party in this litigation and award reasonable

attorney fees, costs and expenses pursuant to the ADA; and

I.      For such other and further relief, at law or in equity, to which Plaintiff may be

justly entitled.

Dated: August 29, 2016

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza
New York, New York 10119
(212) 967-4440

8

# EXHIBIT A

